**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD A. LONG, SR.,

      Plaintiff-Appellant,

v.

CITY OF LEAWOOD, KANSAS,

      Defendant-Appellee.

No. 98-3171

(D.C. No. 97-CV-2249-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McWILLIAMS**, and **BALDOCK**, Circuit Judges.

      Plaintiff Richard A. Long, Sr., sued his former employer, the City of Leawood, Kansas, for wrongful discharge under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and the Age Discrimination in Employment Act (ADEA), 42 U.S.C. §§ 621-634. The district court granted summary judgment in favor of Leawood. Long appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

At the time Leawood terminated Long, Leawood employed him as a Maintenance Worker in its Public Works Department, Asphalt Division. Long's job required him to drive dump trucks, operate heavy equipment like loaders and backhoes, and use tools such as brooms and shovels to spread asphalt. Long was 51 years old at the time of his termination. In October 1995, a coworker injured Long's right hand by dropping a sign on it. After surgery, Long returned to work in January 1996 performing light duty. Long resumed driving in March. Although he remained unable to grip with the ring and pinkie fingers of his right hand, he managed to perform all assigned tasks.

In May 1996, Long backed a loader into a storage building, separating the wall from its foundation. Pursuant to the City's drug policy, Long took a drug test after the accident, and tested positive for opiates. Long had taken Tylenol 3 the night before, but had not notified his supervisor, Dominick Stasi, at the beginning of the shift. He had not discussed his use of prescription medication with his supervisor since January 1996. After the accident and positive drug test, Stasi reviewed Long's personnel file and discovered a record of at least 20 accidents, many of which Stasi believed were preventable, and a history of disciplinary suspensions for unexcused absences. Long's most recent performance evaluation was generally positive, but noted that Long's safety performance "needs improvement." Due to the loader accident, the failed drug

test, and Long's history of accidents and absenteeism, Stasi decided to terminate Long.

We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. See McGarry v. Board of County Comm'rs of the County of Pitkin, 175 F.3d 1193, 1198 (10th Cir. 1999). Summary judgment is appropriate if no genuine issue as to any material fact remains. See Fed. R. Civ. P. 56(c). We view the evidence and draw inferences therefrom in the light most favorable to the nonmoving party. See McGarry, 175 F.3d at 1198. The moving party must first show the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists only if the nonmoving party then presents facts that would allow a reasonable jury to find in its favor. See McGarry, 175 F.3d at 1198.

## ADA

The ADA prohibits employers from "discriminating against a qualified individual with a disability . . . in regard to . . . discharge." 42 U.S.C. § 12111(a). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. at § 12111(8). A disability is "(A) a physical or mental impairment that substantially limits one

or more of the major life activities . . .; (B) a record of such impairment; or (C) being regarded as having such an impairment." Id. at § 12102(2).

In order to establish a prima facie case of discrimination, Long must show that (1) he is disabled within the ADA's definition, (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job, and (3) Leawood terminated him because of the disability. See Sorensen v. University of Utah Hosp., 194 F.3d 1084, 1086 (10th Cir. 1999). Long claims that he is disabled under the ADA because he is either disabled or regarded as disabled under 42 U.S.C. § 12102(2)(A) or (C).

1.

Long claims that he is disabled because he has a "physical . . . impairment that limits one or more of the major life activities." Id. at § 12102(2)(A). Specifically, Long alleges that his disability limits the major life activity of working. See 29 C.F.R. § 1630.2(i) (defining working as a major life activity). "Substantially limits" means that the employee is "(i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to . . . the average person in the general population . . . ." Id. at § 1630.2(j)(1). An impairment substantially limits an employee's working if the employee is

"significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." Id. at § 1630.2(j)(3)(i). Being unable to perform a single, particular job is not evidence of disability. See id.; Sutton v. United Air Lines, Inc., 130 F.3d 893, 897 (10th Cir. 1997), aff'd, 119 S. Ct. 2139 (1999).

Long argues that his impairment substantially limited his ability to work as a Maintenance Worker because he can no longer use his right hand for such activities as using a shovel or rake to spread asphalt, securing tarpaulins on truck beds filled with asphalt, lifting a bag of sugar, and operating a floor buffer. In addition, Long notes that his treating physician gave him a 10 percent permanent partial disability rating as part of a workman's compensation proceeding. Nevertheless, Long admits that his impairment did not prevent him from carrying out his assigned duties for Leawood.

These facts do not raise a genuine issue of material fact as to whether Long is disabled under the ADA. Long's inability to perform certain tasks (some of which are not even job-related) that are not essential to his job does not show that his impairment substantially limited the major life activity of working. The disability rating in the workman's compensation proceeding is "evidence relevant to the determination of whether the plaintiff is a 'qualified individual with a

disability,'" Rascon v. U.S. West Communications, Inc., 143 F.3d 1324, 1332 (10th Cir. 1998), but is not dispositive evidence, and does not automatically decide the issue of Long's disability. See Aldrich v. Boeing Co., 146 F.3d 1265 (10th Cir. 1998), cert. denied, 119 S. Ct. 2018 (1999) (holding that ADA plaintiffs are not judicially estopped from claiming that they are able to work with reasonable accommodations after claiming total disability in a workman's compensation benefits proceeding because the ADA and the workman's compensation statute have different standards for disability). Because Long was able to perform his job, the district court correctly found that Long had not presented a prima facie case of disability.

2.

Long also claims that his employers regarded him as having an impairment that substantially limits the major life activity of working. See 42 U.S.C. § 12102(2)(C). An employee is regarded as disabled if he:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others towards such impairment; or
> (3) Has none of the impairments defined [above] but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2(*l*). A person is regarded as having a disability if others believe he has a substantially limiting impairment, irrespective of whether he

actually has a substantially limiting impairment.  See Sorensen, 194 F.3d at 1088.

In order to be regarded as substantially limited in the major life activity of

working, the employer must regard the employee as unable to perform a class of

jobs or a range of jobs in different classes, not just a particular job.  See id.

To show that his supervisors regarded him as disabled, Long presented

evidence that his field supervisor, Walter Huff, referred to him as a "one-armed

man."  Long alleged that Huff made the comment more than once and that Stasi

was aware of the comments.  This evidence, however is not enough to raise an

issue of material fact about whether Long's employers regarded him as being

disabled because it does not implicate Long's ability to perform the tasks his job

position required.  The district court properly granted summary judgment in favor

of Leawood on both of Long's ADA claims.

## ADEA

Long raises the additional claim that Leawood terminated him because of

his age.  To raise a prima facie case of age discrimination, Long must show that

(1) he was a member of the protected class at the time of the discharge, (2) he was

performing satisfactory work, (3) he was discharged, and (4) his position was

filled by a younger person.  See Cone v. Longmont United Hosp. Ass'n, 14 F.3d

526, 529 (10th Cir. 1994).  Once the plaintiff raises a prima facie case of

discrimination, the burden shifts to the defendant to show that its action had a

nondiscriminatory purpose; then the plaintiff has the burden of showing that the defendant's reason was pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Cone, 14 F.3d at 529.

Long presented some evidence on all the elements of his ADEA claim. (1) He was 51 years old when Leawood terminated him. (2) He received good overall ratings on his most recent performance evaluation. (3) Leawood terminated him. (4) Long sought to discover the age of the employee who replaced him, but his supervisor did not know the answer at his deposition. Because Long presented a prima facie case of age discrimination, the burden of persuasion shifted to Leawood to show that it had non-age-related reasons for terminating Long. Leawood met this burden by presenting evidence of (1) Long's accident with the loader, (2) his failure of the drug test, (3) his history of accidents, and (4) his pattern of absenteeism.

The burden of persuasion then shifted back to Long to show that Leawood's claimed reasons for terminating him were pretextual, that is, "unworthy of belief." See Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1328 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999). Long attacked the failure of the drug test by arguing that other employees who failed drug tests were not immediately fired, that he was actually in compliance with the drug policy because he had notified his supervisor several months earlier that he

was taking prescription medication, and that he only took the drugs after working hours. Long also argued that his accident record was really not so bad for someone who had worked as a maintenance worker for a long time, and that he was punished harshly because he was not part of the "in" group. Long suggested that some of his absences were excusable as vacations or sick leave. Finally, Long pointed to Huff's reference to Long as an "old man."

This evidence does not raise a genuine issue of material fact regarding whether Leawood's reasons for terminating Long were pretextual. Long's violation of the drug policy and his history of accidents and absenteeism stand as valid reasons for his termination. The "old man" remarks are best characterized as stray, insensitive comments by a non-decision maker, which are not sufficient to state a claim under the ADEA. See Cone, 14 F.3d at 531. The district court properly granted summary judgment in favor of Leawood on the ADEA claim.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge